**STATE OF OREGON, Department of Human Resources, Plaintiff,**

v.

**Terry Wayne RICHARDS, Defendant.**

**Civ. No. 84–34–FR.**
**Bankruptcy Adv. No. 83–0141.**

United States District Court,
D. Oregon.

March 2, 1984.
Supplemental Order May 2, 1984.

Dave Frohnmayer, Atty. Gen., James Van Dyke, Asst. Atty. Gen., Portland, Or., for plaintiff.

Mark A. Sherman, McMinnville, Or., for defendant.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is plaintiff, State of Oregon's, appeal from the Judgment entered on September 14, 1983, by the Honorable Folger Johnson, Bankruptcy Judge.

The issue in this case is whether child support payments assigned by a spouse of a debtor to the State of Oregon under section 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26), are dischargeable in bankruptcy, notwithstanding the fact that the child support obligation debt did not arise "in connection with a separation agreement, divorce decree, or property settlement agreement." The bankruptcy court held that the debt was dischargeable, 33 B.R. 56, and the State of Oregon appeals.

## FACTS

The debtor/defendant Richards and his wife were separated for approximately one year. In order to receive funds from the Aid to Families with Dependent Children (AFDC) program during the separation, Mrs. Richards assigned all of her child support rights against her husband to the State of Oregon pursuant to section 402(a)(26) of the Social Security Act. Mrs. Richards received AFDC funds for about one year. In July, 1981, the State brought a proceeding against Mr. Richards under the provisions of the Parental Responsibility for Dependent Children statute, ORS 416.400 *et seq.* This statute provides in general that

> any payment of public assistance by the [State] made to or for the benefit of any dependent child, including any payment made for the benefit of the caretaker of the child, creates an obligation, to be called the "state debt," which is due and

owing to the [State] by the parents of the dependent child in an amount equal to the amount of public assistance so paid....

ORS 416.410. However, the statute directs the Department of Human Resources to take into account the financial situation of the parents in arriving at the determination of how much child support the parents are required to pay. *See* ORS 416.420. Under this statute, the State obtained a finding in the Yamhill County Circuit Court that the debtor, Mr. Richards, owed an obligation to the State of Oregon in the amount of $150 for each of the twelve months Mrs. Richards received AFDC benefits from the State. Mr. Richards has payed $50 of this obligation; the remaining $1750 is the debt at issue in this case.

## LEGAL ANALYSIS

■ The first issue involves an apparent conflict between two federal statutes. Section 523(a)(5)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(5)(A), reads as follows:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
> >
> > (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act);

This section provides an exception to the ordinary rule that all debts are discharged in bankruptcy. Its basic purpose is to insure that child support payments will continue to be paid to the custodial parent even though the noncustodial parent has filed for bankruptcy. This nondischargeability provision is subject to two limitations, however: (1) the debt at issue must

arise "in connection with a separation agreement, divorce decree, or property settlement agreement," and (2) if the debt has been assigned by the custodial parent, then the debt remains dischargeable, unless the assignment was pursuant to section 402(a)(26) of the Social Security Act, in which case the debt is nondischargeable.

The facts are undisputed that (1) the debt at issue does not arise in connection with a separation agreement, divorce decree, or property settlement agreement, and (2) Mrs. Richards did assign all rights to child support payments to the State of Oregon under section 402(a)(26) in order to receive AFDC. The bankruptcy court's reasoning was as follows: The general rule is that debts are dischargeable. Child support payments are nondischargeable if they fall within the "in connection with" language quoted above. Because this child support obligation did not fall within that language, the section does not apply to it, and hence the debt falls within the general rule of dischargeability.

However, the bankruptcy judge chose not to apply a second statute that arguably makes the debt nondischargeable. Section 456(b) of the Social Security Act, 42 U.S.C. § 656(b), reads:

> A debt which is a child support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy under title 11, United States Code.

The bankruptcy court's decision not to apply this statute seems to be based on two grounds. First, the bankruptcy judge asserted that "[i]t was the intent of Congress that all matters relating to dischargeability and the discharge of debtors be found in the Bankruptcy Code and not in isolated provisions in nonbankruptcy laws." Findings and Conclusions at 3. Second, the court noted that section 456(b) and the "other than debts assigned pursuant to Section 402(a)(26)" language in section 523(a)(5)(A) were enacted into law at the same time as section 2334 of the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35:

## CHILD SUPPORT OBLIGATIONS NOT DISCHARGED BY BANKRUPTCY

Sec. 2334. (a) Section 456 of the Social Security Act is amended by adding at the end thereof the following new subsection:

"(b) A debt which is a child support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy under title 11, United States Code.".

(b) Section 523(a)(5)(A) of title 11, United States Code, is amended by inserting before the semicolon the following: "(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act)".

(c) The amendments made by this section shall become effective on the date of the enactment of this Act.

Because in the bankruptcy court's view the "operative" portion of this section is subsection (b), and because subsection (b) only effects a change in the law with respect to child support obligations falling within the "in connection with" language of section 523(a)(5)(A), the bankruptcy judge ruled that subsection (a) did not have the effect of broadening the general class of child support obligations subject to nondischargeability beyond that defined by section 523(a)(5)(A).

There is logical merit to the bankruptcy court's analysis. Essentially, the bankruptcy court's decision has the effect of reading into the phrase "child support obligation," as used in section 456(a) of the Social Security Act, the same "in connection with" restriction on nondischargeability contained in section 523(a)(5) of the Bankruptcy Code. That the creation of section 456(b) and the amendment to section 523(a)(5)(A) occurred at the same time and within the same section of Pub.L. No. 97–35 supports an inference that the drafters of the statute intended both subsections to do the same thing. Moreover, interpreting "child support obligation" in section 456(b) to include obligations not falling within the "in connection with" language

of section 523(a)(5)(A) creates an anomalous situation in which all child support obligations are subject to the "in connection with" limitation in order to be nondischargeable *except* the limited class of child support obligations assigned pursuant to section 402(a)(26) of the Social Security Act. Arguably, had Congressional intent been to broaden the nondischargeability provisions for such a limited class of cases, such intent would have been made more apparent, as for example through an express amendment to the Bankruptcy Code itself, and most likely through an amendment to section 523(a)(5)(A) itself. Yet such an amendment was not made.

However logical the bankruptcy court's structural analysis, it is contrary to the plain meaning of the statutes as well as to what little legislative history is available. The bankruptcy court may not ignore section 456(b) simply because it is not a part of the Bankruptcy Code. On its face, section 456(b) makes child support obligations assigned to the State of Oregon pursuant to section 402(a)(26) nondischargeable, notwithstanding the fact that the child support obligation does not fall within the "in connection with" language of section 523(a)(5). Moreover, legislative history supports the view that the phrase "child support obligation" in section 456(b) should not be restricted by the "in connection with" language. The purpose of section 2334 of the Omnibus Budget Reconciliation Act of 1981 was stated to be as follows:

*Child support obligations not discharged by bankruptcy.*—When the Congress enacted the child support legislation in 1974 it included a provision which prohibited the discharge in bankruptcy of a child support obligation which had been assigned to a State as a condition of AFDC eligibility. This Social Security Act provision was subsequently repealed by section 328 of Public Law 95–598 (the 1978 revision of the Bankruptcy Act).

The committee amendment would reinstate the provision previously in effect declaring that a child support obligation assigned to a State as a condition of AFDC eligibility is not discharged in bankruptcy, effective October 1, 1981. S.Rep. No. 139, 97th Cong., 1st Sess. at 442 (1981), *reprinted in* 1981 U.S.Code Cong. & Ad.News 396 at 708; *see also* H.R.Rep. No. 208, 97th Cong., 1st Sess. at 986 (1981), *reprinted in* 1981 U.S.Code Cong. & Ad. News 1010 at 1348. The stated purpose of the amendment to section 456 was to "reinstate the provision previously in effect." The provision previously in effect read as follows:

(b) A debt which is a child support obligation assigned to a State under section 602(a)(26) of this title is not released by a discharge in bankruptcy under the Bankruptcy Act.

42 U.S.C. § 656(b) (1976). This language is almost identical to the present section 456(b). However, at the time this provision was enacted, the "in connection with" language of section 523(a)(5) did not exist, it having been added to the Bankruptcy Code during the extensive 1978 revision of the Code. Prior to 1978, section 17a(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7), made nondischargeable debts "for alimony due or to become due, or for maintenance or support of wife or child...." Under this section, no "in connection with" restriction existed, and apparently even a noncontractual, common law obligation to support a child was nondischargeable in bankruptcy. *See* 3 L. King, *Collier on Bankruptcy* ¶ 523.15[2] (15th ed. 1979). To reinstate the provision of section 456(b) previously in effect, then, Congress would have had to return to the broader definition of "child support obligation" that existed prior to the Bankruptcy Code revision in 1978, before the "in connection with" restriction was a part of bankruptcy law.

■ Therefore, this court holds that section 456(b) of the Social Security Act makes nondischargeable all child support obligations assigned to the states by AFDC recipients under section 402(a)(26) of that Act, whether or not the child support obligation so assigned is one "in connection with a separation agreement, divorce decree, or property settlement agreement" as re-

quired by 11 U.S.C. § 523(a)(5). Insofar as the bankruptcy court's Findings and Conclusions hold otherwise, the bankruptcy court is reversed.

However, the bankruptcy court also appears to have based its decision on another ground:

The other reason for holding against the state is that there was no assignable obligation owed by the husband to the wife at the time she executed the assignment demanded of her. It was only several months after all the support had been furnished that the state obtained an order that the husband could have paid a total of $1,800.00 during the period of state support and ordering him to pay it to the state over a two-year period. This could not act to create retroactively an assignable obligation a year earlier.

Findings and Conclusions at 5–6. This ground of decision was not presented by the appellant State as an issue on appeal. Nor does it appear that the parties addressed this issue in their briefs in the court below. The Oregon statute under which the debt at issue arose, ORS 416.400 *et seq.*, imposes liability *directly* on the noncustodial parent when AFDC benefits are given by the State to the custodial parent. The statute itself speaks of the creation of a "state debt" owing directly to the State by the parents of the child. It is *this* debt that the State seeks to collect in this case, and it is not at all clear that this debt is "a child support obligation assigned to the state under section 402(a)(26)." In fact, the rights required to be assigned by section 402(a)(26) are "any rights to support *from any other person* such applicant may have (i) ... in behalf of any other family member ... *and* (ii) *which have accrued at the time such assignment is executed.*" 42 U.S.C. § 602(a)(26)(A) (emphasis added). In the present case, it is undisputed that the obligation the State seeks to collect was not in existence at the time of Mrs. Richards' assignment of rights under section 402(a)(26). It also is clear that the State is not seeking to collect an obligation that Mr. Richards owes *to his wife or child* for child support, but rather

is attempting to collect a statutorily-created obligation running from Mr. Richards *to the state.* It does not appear that this debt falls within the meaning of "child support obligation" in section 456(b), and therefore it appears that no authority exists for finding the debt to be nondischargeable.

It is the conclusion of this court that the bankruptcy court should be affirmed on its second ground of decision. However, because the issues relating to this second ground were not addressed by the parties below or on appeal, this court will allow the State of Oregon ten days from receipt of this order (and the debtor five days after receipt of any brief filed by the State) to file a brief on the issues presented in the second ground, at which time this court will determine whether the present order will become final.

### SUPPLEMENTAL ORDER

■ In its Opinion and Order of March 2, 1984, this court required supplemental briefing on the issue of whether the debt at issue in this case falls within the scope of 42 U.S.C. § 656(b). This section reads:

(b) A debt which is a child support obligation assigned to a State under section 602(a)(26) of this title is not released by a discharge in bankruptcy under Title 11.

Section 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26), defines the debts encompassed by section 656(b):

as a condition of eligibility for aid, each applicant or recipient will be required—

(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed....

In the earlier opinion, this court expressed doubt as to whether the debt in the present case was nondischargeable under these sections. The debt at issue in this case arose as a result of a proceeding by the State of

Oregon against defendant Richards under the Parental Responsibility for Dependent Children statute, ORS 416.400 *et seq.* This statute allows the State to seek reimbursement from the parents of children for whom AFDC payments are made. The statute expressly provides that the payment of benefits by the State creates an obligation owed to the State by the parents of the child benefitted by the payments in an amount equal to the benefits paid. It is a debt resulting from a judgment obtained by the State under this statute that the State seeks to have declared nondischargeable under section 656(b).

This court's doubts about the nondischargeability of this debt arise from the language of section 602(a)(26). Under section 656(b), only those support obligations assigned under section 602(a)(26) are nondischargeable. By its terms, section 602(a)(26) places several limitations on the child support obligations encompassed by that section. The rights must be

(1) for support,

(2) from any other person,

(3) in behalf of the AFDC assignee or a family member for whom the assignee is applying for or receiving aid, and

(4) rights which have accrued at the time of the assignment. The debt at issue arguable fails to fall within these requirements. The debt at issue represents an obligation running directly from Richards to the State, and therefore fails to meet elements (2) and (3) above. The statute under which the debt was created expressly provides that it is the payment of public assistance that creates the obligation; at the time of the assignment by Mrs. Richards the State had not made any payments, and hence the right to recover had not accrued as required by element (4). In short, the debt owed by Richards to the State did not come about as the result of any right assigned by Mrs. Richards to the State; presumably the State could have gotten the judgment against Richards under the terms of Parental Responsibility statute even had Mrs.

Richards not assigned her rights to the State. As such, the debt arguable falls outside of the scope of section 602(a)(26) and is therefore not subject to the nondischargeability provision of section 656(b).

Notwithstanding these arguments, however, the court believes that the debt at issue is nondischargeable under section 656(b). This conclusion is based upon the legislative history of sections 602(a)(26) and 656(b). This legislative history indicates that the rights to be assigned under section 602(a)(26) include child support obligations that have not yet been reduced to the form of a judgment, order, or agreement. S.Rep. No. 1356, 93rd Cong., 2nd Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 8133, 8152. The same report indicates that the assigned support obligations would become debts owed directly to the State by the absent spouse. *Id.* at 8153. Finally, the report states:

> [A] provision has been included to assure that the rights of the wife and child are not discharged in bankruptcy merely because the support obligation is a debt to the State.

*Id.*

Taken as a whole, this legislative history indicates that the debt in the present case is precisely the sort of debt intended to fall within the nondischargeability provision of section 656(b). That the State recovered the debt at issue under a statute creating a direct obligation between Richards and the State, rather than bringing its action under the guise of its assignment of Mrs. Richard's rights to receive support (*see* ORS 108.110, 109.010), is a technical distinction that does not effect the nondischargeability of the debt.

Finally, the Ninth Circuit held such a "state debt" child support obligation to be nondischargeable under the old Bankruptcy Act even without the express provision of section 656(b). *Williams v. Department of Social & Health Services,* 529 F.2d 1264 (9th Cir.1976). Although the case is no longer directly on point,[1] it reflects a solici-

---

1. *Williams* was decided under section 17(a)(7)    of the old Bankruptcy Act, which made nondis-

tous judicial attitude toward insuring the continued financial viability of the AFDC program, and toward encouraging parental support of children. *Id.* at 1271.

The court finds that the debt at issue is nondischargeable in bankruptcy. The judgment of the bankruptcy court is therefore reversed.

chargeable debts "for maintenance or support of wife or child." The court held that a "state debt" running from an absent spouse to the State created by the payment of public assistance by the State to a child fell within the scope of section 17(a)(7) and was hence nondischargeable in bankruptcy. The same result could not be reached today under the analogous Bankruptcy Code section alone due to the "in connection with" restriction discussed in this court's earlier opinion.