In re: Raymond CERVANTES, Debtor.

County of Santa Cruz, Appellant,

v.

Raymond Cervantes, Appellee.

No. 99–15441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2000

Filed July 18, 2000

Philip L. Strauss (argued) and Mary A. Roth, Office of the State Attorney General, San Francisco, California, for the appellant.

Andrew Lauderdale, Lauderdale Law Offices, Monterey, California, for the appellee.

Before: POLITZ,[1] REINHARDT, and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

May an absent parent who owes money to the County for child support payments made by the County prior to the entry of a child support order have that debt discharged in a Chapter 13 bankruptcy proceeding? We recently held, in the context of a Chapter 7 bankruptcy, that an absent parent is not entitled to discharge such a debt. *See In re Leibowitz*, 217 F.3d 799 (9th Cir.2000). This conclusion was based on recent changes to the bankruptcy and welfare laws. The absent parent in this case claims those changes only apply to bankruptcy filings under Chapter 7, not Chapter 13. We disagree and hold that

---

1. The Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

the new discharge provisions apply to any bankruptcy filing under Title 11.

## I. FACTS AND PROCEDURAL BACKGROUND

Ray Cervantes fathered a child with his girlfriend, Monica Samudio. On March 18, 1993, shortly after the child was born, Samudio applied to the County of Santa Cruz for Aid to Families with Dependent Children ("AFDC"). As a condition for receiving AFDC, she was required under state and federal law to assign to the County any "accrued" rights to support from the child's father. *See* 42 U.S.C. § 602(a)(26)(A); Cal. Welf. & Inst.Code § 11477(a).[2]

In October 1994, the County obtained a judgment against Cervantes in state court pursuant to California Welfare and Institutions Code § 11350.[3] The judgment ordered Cervantes to pay $219 per month in child support and to reimburse the County $4,161 for AFDC payments made to Samudio from March 1993 to October 1994. Cervantes never paid the monthly amounts or the reimbursement, and in September 1996 he filed a Chapter 13 bankruptcy petition.

While his bankruptcy petition was pending, Cervantes filed a complaint to determine whether the debts he owed to the County were dischargeable. Under 11 U.S.C. § 1328(a), a Chapter 13 debtor who has completed all payments under the bankruptcy plan is entitled to a discharge of prior debts, with certain exceptions. For instance, a debtor is not entitled to discharge any debt to a spouse or child for support in connection with a court order.

*See* 11 U.S.C. § 523(a)(5) (incorporated by reference into 11 U.S.C. § 1328(a)). But such a debt can be discharged if it was assigned to another entity, unless the assignment was pursuant to 42 U.S.C. § 602(a)(26), which is the provision under which Samudio was required to assign her support rights to the County in exchange for AFDC.

In this case, Cervantes owed a debt to Samudio for child support that was in connection with a court order. The debt had been assigned to another entity—the County—but that assignment had been made pursuant to 42 U.S.C. § 602(a)(26), so it would have seemed that his debt was *not* dischargeable under 11 U.S.C. § 523(a)(5).

The issue was more complicated, however. In *Ramirez v. County of Santa Clara,* 795 F.2d 1494, 1497 (9th Cir.1986), we parsed the language of section 602(a)(26) and noted that it requires an applicant for AFDC to assign support rights *"which have accrued* at the time such assignment is executed." (emphasis added). We then noted that under California law, a custodial parent does not have a right to support absent a court judgment. *See id.* Putting these two pieces together, we concluded that prior to the entry of a court judgment, a custodial parent has no accrued rights that can be assigned pursuant to section 602(a)(26). *See id.* And because a child support debt assigned to the county was only excepted from discharge if assigned pursuant to section 602(a)(26), we held that an absent parent was entitled to discharge debts owed to the county for pre-judgment AFDC payments. *See id.*

---

**2.** At the time Samudio applied for AFDC, Section 602(a)(26)(A) mandated that, as a condition of eligibility for aid, an applicant would be required

(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed.

42 U.S.C. § 602(a)(26)(A). Cal. Welf. & Inst. Code § 11477(a), which implements the federal directive of section 602(a)(26)(A), contained nearly identical language.

**3.** Section 11350 authorizes a county to seek reimbursement from a non-custodial parent for assistance payments made to a custodial parent.

We reaffirmed this holding nine years later in *Visness v. Contra Costa County*, 57 F.3d 775 (9th Cir.1995).

Relying on these two cases, Cervantes moved for summary judgment in the bankruptcy court. He argued that the $4,161 owed to the County for pre-judgment AFDC payments was dischargeable.[4] The County cross-moved for summary judgment. Although it acknowledged that *Ramirez* and *Visness* allowed the discharge of pre-judgment debts, it maintained that subsequent legislation had circumvented the effect of those cases.

The County pointed to two provisions contained in the Welfare Reform Act of 1996.[5] The first provision was added to the Bankruptcy Code at 11 U.S.C. § 523(a)(18) and states that a debtor is not entitled to discharge any debt "owed under State law to a State or municipality that is (A) in the nature of support, and (B) enforceable under part D of title IV of the Social Security Act." The second provision was added to the Social Security Act at 42 U.S.C. § 656(b) and is nearly identical to the first provision. It states that "[a] debt ... owed under State law to a State ... or municipality ... that is in the nature of support and that is enforceable under this part is not released by a discharge in bankruptcy under Title 11."

The County argued that because these two provisions did not refer to an assignment pursuant to section 602(a)(26), they created a new exception to the general discharge rule that was not affected by this court's decisions in *Ramirez* and *Visness*. The County conceded that the first provision, section 523(a)(18), did not apply to discharges under 11 U.S.C § 1328(a)— which is the provision under which Cervantes had sought a discharge—because section 523(a)(18) is part of a larger provision that does not relate to section 1328(a) proceedings. *See* 11 U.S.C. § 523(a).[6] The County also conceded that Congress had not changed section 1328(a) to specifically incorporate the discharge exception of section 523(a)(18), the way section 1328(a) incorporates the discharge exception of section 523(a)(5).[7] But the County maintained that the second provision, at 42 U.S.C. § 656(b), applied to Cervantes' case because it refers to discharges generally under Title 11, and section 1328(a) is part of Title 11.

The bankruptcy court rejected the County's argument. Because the two new provisions contained such similar language, the bankruptcy court reasoned that the first provision had been added to the bankruptcy code to effectuate the second provision, which had been added to the codified version of the Social Security Act. Although the bankruptcy court did not elaborate, it apparently concluded that an amendment to the Social Security Act could not by itself change the bankruptcy law and that Congress had only inserted the second provision to reflect the change made by the first provision.

---

4. Cervantes also argued that he was entitled to a discharge of the money he owed for post-judgment child support payments. However, he has since abandoned that argument, and the current dispute concerns only the $4,161 owed for AFDC payments prior to entry of the judgment.

5. The official name of the Act is the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. Pub.L. No. 104–193, 110 Stat. 2105 (Aug. 22, 1996).

6. 11 U.S.C. 523(a) states: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328*(b)* of this title does not discharge an

individual debtor from any debt ..." It then lists several types of debt that cannot be discharged. Although section 523(a) refers to discharges under five provisions of the bankruptcy code, it does not refer to a discharge under section 1328(a).

7. 11 U.S.C. § 1328(a) provides for the discharge of all debts, "except any debt—
   (1) provided for under section 1322(b)(5) of this title;
   (2) of the kind specified in paragraph (5) or (8) or section 523(a) or 523(a)(9) of this title; or
   (3) for restitution included in a sentence on the debtor's conviction of a crime."

The County appealed, arguing that section 656(b) provides an independent basis upon which to find a child-support debt non-dischargeable. The Bankruptcy Appellate Panel ("BAP") ruled that the County had not made this argument to the bankruptcy court and that the argument was therefore waived. The BAP then affirmed the bankruptcy court's decision, and the County filed this timely appeal. We have jurisdiction under 28 U.S.C. § 158(d).

## II. STANDARD OF REVIEW

When a decision of the bankruptcy court is on appeal from the BAP, we independently review the bankruptcy court's decision. *See In re Michael,* 163 F.3d 526, 529 (9th Cir.1998). The bankruptcy court's interpretation of the Bankruptcy Code is reviewed de novo. *See In re Been,* 153 F.3d 1034, 1036 (9th Cir. 1998).

## III. ANALYSIS

### A. *Waiver*

We must first address the BAP's finding that the County waived its argument concerning section 656(b). In making this determination, the BAP acknowledged that the County cited section 656(b) along with 11 U.S.C. § 523(a)(18) to the bankruptcy court. But, the BAP concluded, the County did not assert that section 656(b) alone could support its claim that Cervantes' debt for child support was non-dischargeable. As a result, it held, the County waived this argument.

We disagree. In its motion for summary judgment before the bankruptcy court, the County cited both sections 656(b) and 523(a)(18) for the proposition that Congress had altered the law of dischargeability. That the County did not go one step further and assert that each provision, by itself, was sufficient to change the law is unimportant. The bankruptcy court was advised of the changes to section 656(b) and had sufficient information to assess the independent effect of that provision.

In fact, the bankruptcy court appears to have done just that. In its grant of summary judgment to Cervantes, the court stated that "[b]y adding § 523(a)(18) to the Bankruptcy Code, Congress effectuated in bankruptcy cases the dischargeability provision found at 42 U.S.C. § 656(b)." It then stated that if Congress had intended for that change to apply to section 1328(a) cases, "it would have added § 523(a)(18) as an exception ... under § 1328(a), as it did, for example, with § 523(a)(5)." Thus, the bankruptcy court apparently considered whether section 656(b) provided an independent basis for non-dischargeability. And based on Congress' failure to amend section 1328(a), the court concluded that section 656(b) had no independent effect; it simply reflected the change in law made by section 523(a)(18).

Under these circumstances, we cannot conclude that the County waived its argument concerning section 656(b). We therefore proceed to the merits of the County's claim.

### B. *The effect of section 656(b)*

To understand the bankruptcy court's conclusion that section 656(b) does not have independent effect, it is important to have a clear picture of the complex statutory scheme governing discharges. Ordinarily, a debtor who successfully navigates the bankruptcy process is entitled to a discharge of all pre-petition debts. *See Visness,* 57 F.3d at 776. There are certain types of debt, however, that Congress has declared to be non-dischargeable. *See id.* The main list of these debts is found in the Bankruptcy Code at 11 U.S.C. § 523(a). That section provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt" of the following kind. It then lists several kinds of debt that cannot be discharged, including those under section 523(a)(5), which

was the focus of *Ramirez* and *Visness,* and those under section 523(a)(18), which was added by the Welfare Reform Act.

By its terms, section 523(a) covers discharges under five sections of the bankruptcy code. But it does not apply to discharges under section 1328(a). That section contains its own list of exceptions, which reads as follows:

[T]he court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt–

(1) provided for under section 1322(b)(5) of this title;

(2) *of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title;* or

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1328(a) (emphasis added). Thus, although section 1328(a) is not covered by the exceptions to discharge listed in section 523(a), it specifically incorporates several of those exceptions. Of particular importance, section 1328(a) incorporates section 523(a)(5). But section 1328(a) does not incorporate section 523(a)(18). When Congress passed the Welfare Reform Act, it did not amend section 1328(a) to include section 523(a)(18) in its list of exceptions.

The final provision that refers to discharge exceptions (and that is relevant to this case) is found not in the bankruptcy code, but in the Social Security Act, at 42 U.S.C. § 656(b). Before the Welfare Reform Act, that section provided that "[a] debt which is a child support obligation assigned to a State under section 602(a)(26) ... is not released by a discharge in bankruptcy." After the Welfare Reform Act, section 656(b) provides as follows:

(b) Nondischargeability. A debt (as defined in section 101 of title 11 of the United States Code) owed under State law to a State (as defined in such sec-

tion) or municipality (as defined in such section) that is in the nature of support and that is enforceable under this part is not released by a discharge in bankruptcy under title 11 of the United States Code.

Two things are important here. First, unlike the old section, the new section 656(b) does not refer to an assignment under section 602(a)(26). Second, whereas the discharge exceptions of sections 523(a) and 1328(a) apply only to discharges under certain sections of the bankruptcy code, the discharge exception of section 656(b) applies to any discharge under Title 11—in other words, to any bankruptcy case.

Looking at the statutory scheme as a whole, then, an inconsistency is apparent. Section 523(a)(18) applies the new discharge exception to discharges under sections 727, 1141, 1228(a), 1228(b), and 1328(b), while section 656(b) applies the new exception to any discharge in bankruptcy. Yet section 1328(a) does not incorporate the new provision into its list of exceptions.

The bankruptcy court resolved this conflict by ruling that section 523(a)(18) effectuated section 656(b) and that section 656(b) did not have independent effect. Had Congress intended for the new discharge exception to apply to section 1328(a) cases, the court reasoned, it would have added the new exception to section 1328(a) directly.

■ Although this resolution makes some sense, we reject it for several reasons. First, the plain language of section 656(b) makes clear that it applies to all cases under Title 11, not just certain ones. And while the plain language of a statute is not always conclusive, we ignore plain language only when a "literal interpretation would thwart the purpose of the overall statutory scheme or lead to an absurd result." *Wilshire Westwood Assoc. v. Atlantic Richfield Corp.,* 881 F.2d 801, 804 (9th Cir.1989) (internal quotations omitted); *see also Flores–Arellano v. INS,* 5

F.3d 360, 364 (9th Cir.1993) (Reinhardt, J., specially concurring) ("in order to disregard the plain meaning of the statute, I would be required to conclude that the result is absurd"). In this case, holding that section 656(b) applies to cases under section 1328(a) would not thwart the overall statutory purpose or lead to an absurd result.

■ Second, the bankruptcy court's interpretation runs counter to "the rule that statutes should not be construed in a manner which robs specific provisions of independent effect." *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1551 (9th Cir.1992) (opinion vacated on other grounds). We have consistently invoked this rule to reject interpretations that would render a statutory provision surplusage or a nullity. *See, e.g., Wilshire Westwood*, 881 F.2d at 804–05; *United States v. Hoflin*, 880 F.2d 1033, 1038 (9th Cir.1989).

When we have accepted such interpretations, there has been strong evidence that Congress did not intend for the provision to have a certain effect. *See Eastport Associates v. City of Los Angeles*, 935 F.2d 1071, 1080 (9th Cir.1991). Here, the bankruptcy court pointed to no evidence of legislative intent. It relied instead on the assumption that Congress would not have created a new discharge exception for section 1328(a) without listing that exception specifically in section 1328(a). The court's faith in the precision of legislative draftsmanship is admirable, but perhaps not realistic, especially in the complex area of bankruptcy law.

Cervantes argues that legislative history does support the bankruptcy court's interpretation. He points out that when section 656(b) was initially introduced in the House of Representatives, it provided that "[a] debt ... to a State ... or municipality ... for assistance provided by such State or municipality under a State program funded under section 403 *is not dischargeable under section 727, 1141, 1228(a), 1228(b), or 1328(b) of title 11 of the United States Code....* " 142 Cong. Rec. H7907, H7947. The underlined portion was later changed to "is not released by a discharge in bankruptcy under title 11 of the United States Code," but Cervantes maintains that the early version is evidence of Congress' intent to limit the scope of section 656(b).

This argument cuts both ways, however. One could just as easily conclude that the earlier version was purposefully rejected by Congress and that the new language was inserted to ensure that section 656(b) would apply to any bankruptcy case. Without further evidence of legislative intent, we are reluctant to draw any conclusions from this change of statutory language.

■ The bankruptcy court's interpretation is also undermined by prior decisions concerning the effect of section 656(b). In *In re Leach*, 15 B.R. 1005 (Bankr.D.Conn. 1981), a parent argued that he was entitled to discharge a child support debt he owed to the county. The *Leach* court found that the discharge exception of section 523(a)(5) did not apply to the case because the section at that time only covered debts "in connection with a separation agreement, divorce decree, or property settlement agreement," and there was no evidence that the debt in question arose from any of those sources. Nonetheless, the *Leach* court held that section 656(b) created an independent basis upon which to find the debt nondischargeable. *See id.* at 1008. The court acknowledged that section 656(b) was not part of the bankruptcy code, but stated that "Congress need not write every law affecting discharge into Title 11 of the United States Code." *Id.* at 1008, n. 8.

In *In Re Richards*, 45 B.R. 811 (D.Or. 1984), the question arose again whether section 656(b) could be relied upon when section 523(a)(5) was inapplicable to the facts of the case. The bankruptcy court declined to apply section 656(b), asserting that "[i]t was the intent of Congress that

all matters relating to dischargeability and the discharge of debtors be found in the Bankruptcy Code and not in isolated provisions in non-bankruptcy codes." *Id.* at 813. But the district court rejected this argument. "However logical the bankruptcy court's structural analysis, it is contrary to the plain meaning of the statutes as well as to what little legislative history is available. The bankruptcy court may not ignore section [656(b) ] simply because it is not part of the Bankruptcy code." *Id.* at 814.

 Neither *Leach* nor *Richards* are binding upon this court, but both reflect the general proposition that when two statutes are capable of co-existence, we should regard each as effective. *See Resource Investments, Inc. v. U.S. Army Corps of Eng'rs,* 151 F.3d 1162, 1165 (9th Cir.1998); *see also Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("[S]o long as there is no positive repugnancy between two laws, a court must give effect to both."). In this case, there is a moderate inconsistency in the statutory scheme, but the conflicting sections are capable of co-existence, and there is no positive repugnancy between them. Therefore, we conclude that section 656(b) provides an independent basis upon which to find a child support debt nondischargeable in any bankruptcy proceeding under Title 11.

C. *Application of section 656(b) to this case*

Having determined that section 656(b) has independent effect, we must determine whether it prohibits Cervantes from discharging the $4,161 he owes to the County for pre-judgment AFDC payments. Section 656(b) prohibits the discharge of a debt (1) owed under state law to a state or municipality, (2) that is "in the nature of support," and (3) that is enforceable under part D of Title IV of the Social Security Act.

There is no dispute that Cervantes' debt is owed under state law and that it is owed to a municipality. In addition, we recently held that a debt for child support to a county is both "in the nature of support" and enforceable under Title IV–D of the Social Security Act. *See In re Leibowitz,* 217 F.3d 799, 800–01. Therefore, Cervantes' debt to the County for pre-judgment AFDC payments meets all three criteria under section 656(b) and is not dischargeable in bankruptcy.[8]

The decision of the BAP is REVERSED.

---

8. Because we conclude that Cervantes' debt is non-dischargeable under section 656(b), we need not address the County's arguments that

changes to California Welfare and Institutions Code section 11350 render our decisions in *Ramirez* and *Visness* moot.