In re Donald L. and Susan
L. EWERS, Debtor(s).

No. BK–S–06–10179–LBR.

United States Bankruptcy Court,
D. Nevada.

Jan. 18, 2007.

Feb. 26, 2007.

Frank J. Sorrentino, Las Vegas, NV, for Debtor(s).

### Order on Trustee's Motion to Deny Confirmation

LINDA B. RIEGLE, Bankruptcy Judge.

At issue is the post-BAPCPA interplay between § 1325(b)(4) and § 1329(a)(2) of the Bankruptcy Code, and the question of whether debtors who have a 5–year applicable commitment period can modify their plan to 3 years without paying unsecured creditors in full. This court holds they can, so long as the requirements of 11

U.S.C. § 1329(b) are satisfied, which includes the requirement of good faith.

The debtors filed their chapter 13 petition on February 13, 2006, along with the required Form B22C "Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income." [1] The debtors' Form B22C identified them as above-median income debtors, and so a 5–year applicable commitment period was established under § 1325(b)(4)(A)(ii). On May 25, 2006 the debtors confirmed a 5–year plan.

The debtors retired from their jobs not long after their plan was confirmed. They then filed a modified plan to reduce the plan term from 5 years to 3 years, to reduce the amount of their payments, and to reduce the amount paid to general unsecured creditors. They have also filed a second Form B22C, which reports their income as below the applicable state median, and lists the applicable commitment period as 3 years, instead of the prior-listed 5 years that was first calculated on their initial Form B22C.

The trustee opposes the debtors' modification. She argues that § 1329, the section on modification, does not permit a debtor to shorten a plan term to less than the debtor's applicable commitment period in § 1325(b) without full payment to unsecured creditors. [2] The trustee makes three arguments in support of her interpretation of these two statutes. First, a debtor's applicable commitment period in § 1325(b)(4)(A), the trustee argues, is a "temporal requirement" or "time period" in which a debtor must pay into a chapter 13 plan and cannot be modified without full

---

**1.** Form B22C is used by chapter 13 debtors to calculate current monthly income and the applicable chapter 13 commitment period. Above-median debtors also use the form to calculate disposable income under Section 1325(b).

**2.** The trustee agrees that § 1329 permits the debtors to propose a modification of the amount of their plan payments, given their post-petition reduction of income.

payment to unsecureds pursuant to § 1325(b)(4)(B). Second, she argues that a debtor's applicable commitment period cannot be modified under § 1329(a). This is so, she contends, because an applicable commitment period is determined by a debtor's current monthly income, which by definition does not take into account post-petition income.[3] Third, the trustee argues that § 1329(a) does not expressly say that a debtor can shorten the applicable commitment period. "Had Congress sought to allow [the] debtors to modify their applicable commitment period," the trustee says, "Congress could have stated so in § 1329(a)(2)."

This court is unpersuaded by the trustee's arguments, and by her interpretations of §§ 1329(a) and 1325(b)(4). If the trustee were correct, then § 1329(a)(2) would be rendered meaningless.

### Discussion

This court begins with the bedrock principle that you first look to the language of a statute when construing it. "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). It is well-established that "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). When construing the Bankruptcy Code, a court should not interpret one of its sections in a way that would render another section superfluous. *See Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

The crux of the trustee's argument is that the term of a plan cannot be modified under § 1329(a) to be shorter than the debtor's applicable commitment period as calculated pursuant to § 1325(b) unless all unsecured claims are paid in full. This interpretation, however, ignores the plain language of both statutes.

Section 1325(b) deals with plan confirmation, and has the BAPCPA-added term "applicable commitment period."[4] This section says that if the trustee or a holder of an allowed unsecured claim objects to confirmation, the court may not approve the plan unless it provides for the payment of all unsecured creditors in full, or alternatively, all of the debtor's projected disposable income received during the applicable commitment period is applied to make plan payments. 11 U.S.C. § 1325(b)(1). The term "applicable commitment period" is defined in § 1325(b)(4) as 3 years for below-median income debtors and 5 years for above-median debtors. The plan may be less time for either if the plan provides for payment in full of all allowed unsecured claims. 11 U.S.C. § 1325(b)(4)(B).

The fact that these debtors had above-median income on the date of filing, and first had an applicable period of 5 years as established under § 1325(b), does not end the story. The Bankruptcy Code expressly permits a plan to be shortened after confirmation. Section 1329(a)(2) provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be

---

**3.** Current monthly income is determined by averaging the debtor's income in the six months prior to filing bankruptcy. 11 U.S.C. § 101(10A).

**4.** The term "applicable commitment period" appears in two sections of the Bankruptcy Code: § 1325 and § 1329(c). It also appears in Form B22C.

modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

— — —

(2) extend or reduce the time for such payments[.]

 These two sections— § 1329(a)(2) and § 1325(b)—must be read in context with a view to their place in the statutory scheme.[5] They are not conflicting, but are distinct and complementary, and the structure of the Bankruptcy Code reflects this. Separate sections govern a debtor's plan at confirmation (§ 1325) and the post-confirmation plan when modified (§ 1329). It would be anomalous to think that Congress would expect a portion of § 1325 to apply to § 1329(a)(2) without saying so, or for Congress to narrowly and explicitly list the ways a confirmed plan can be modified, only to provide an exception to that rule in § 1325(b) that is neither explicitly incorporated into § 1329(a) nor obvious. If the Code had meant to limit a modified plan to the applicable commitment period first established at the outset of the case, then surely § 1329 is where that provision would have been set forth.

 Statutes should be read harmoniously, and should be construed in such a way as to give each of them meaning and effect. *See In re Cervantes*, 219 F.3d 955, 961 (9th Cir.2000). Taking the two statutes together, § 1325(b) and § 1329(a)(2), the plain meaning of each achieves a harmonious statutory scheme. There are plans, and there are modified plans.[6] Section 1329(b)(1) says that the modified plan must meet some of the same criteria for the original plan, such as the requirement of good faith under § 1325(a).[7] Adherence to the applicable commitment period, however, is not one of those requirements. The Bankruptcy Appellate Panel has previously recognized these two sections have distinct application, and that § 1325(b) does not apply to plan modifications. *In In re Sunahara*, 326 B.R. 768 (9th Cir. BAP (Cal.) 2005), a pre-BAPCPA case, the debtor sought a modification to pay his plan off early. The trustee objected on the grounds that the term of the plan could not be shortened unless all allowed claims were paid in full. Holding that the disposable income test of § 1325(b)(1)(B) does not apply to modified plans, the panel went on to state that:

> Section 1329(b) expressly applies certain specific Code sections to plan modifications but does *not* apply § 1325(b). Period. The incorporation of 1325(a) is not, as has been posed by some courts, the functional equivalent of an indirect incorporation of § 1325(b). Under § 1325(b), only the 'requirements of Section 1325(a)' apply to modifications under § 1329(a). § 1329(b). As previously noted, § 1325(a) requires that '*except as provided in* [1325]b, the court shall confirm a plan if. . . .' Thus, the 1325(a) confirmation requirements incorporated into § 1329(b) *exclude* the provisions of 1325(b).

---

5. Statutory construction of the Bankruptcy Code is a "holistic endeavor" requiring consideration of the entire statutory scheme. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

6. "A modified plan is essentially a new plan." *In re Profit*, 283 B.R. 567, 574 (9th Cir. BAP (Nev.) 2002).

7. Section 1329(b)(1) states the following:

> Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under section (a) of this section.

*Sunahara,* 326 B.R. at 781 (emphasis in the original). It is therefore plain from *Sunahara* that the applicable commitment period referred to in § 1325(b) is not incorporated into § 1329, which is the Code's provision for plan modifications.

■ This court also rejects the trustee's argument that a reduction in post-petition income is not relevant to modification because the applicable commitment period in § 1325 is set by current monthly income, which is backward-looking as statutorily defined. To hold as the trustee urges would make § 1325(b) a catchall for debtors and, as stated earlier, render § 1329(a)(2) a nullity. That is, no debtor whose current monthly income was above the state median as calculated when the petition was filed could ever modify his plan to be shorter than 5 years. This is inconsistent with the legislative history of § 1329, which reveals a general understanding that a debtor's circumstances can change over the term of a chapter 13 plan, and that debtors must have the chance to modify the plan in order to respond to new challenges.[8] While it is true that the 3 and 5–year periods in § 1325(b) refer to plan lengths, and are "time periods" as the trustee contends, these two applicable commitment periods do not forever define the duration of a chapter 13 plan.[9]

■ Finally, the court rejects the trustee's argument that the debtors cannot modify their plan to 3 years because § 1329(a)(2) lacks any express language that says the applicable commitment period can be shortened. As explained earlier, the term "applicable commitment period" appears in § 1325 in the context of plan confirmation. Congress is presumed to act intentionally and purposefully when it includes language in one section of the Bankruptcy Code, but omits it in another section. *In re Cole,* 226 B.R. 647, 653–54 (9th Cir. BAP (Cal.) 1998).[10] BAPCPA added the term in § 1329(c), which deals with the *maximum* length of a modified plan, obviously as a conforming amendment. Before BAPCPA, § 1329(c) said that "[a] plan modified under this section may not provide for payments over a period that expires after *three years ....*" (Emphasis added.) Now, post-BAPCPA, plans are either 3 or 5 years in length, as determined by the debtor's income. "Three years" in § 1329(c) was switched to "the applicable commitment period under section 1325(b)(1)(B)," no doubt, to be harmonious with § 1325(b).

Accordingly, this court holds that the term of a modified plan is not restricted to the applicable commitment period that was first established under § 1325(b). The debtors' chapter 13 plan may be modified to a three-year plan without paying unsecureds in full, if the plan otherwise satisfies the requirements of § 1329(b), which

---

8. The legislative history reveals an acknowledgment that unforeseen events can occur in the life of a debtor during the term of a chapter 13 plan. The House Report suggests that modification be permissible "if a problem arises in the execution of the plan" and mentions events such as "a natural disaster, a long-term layoff, or family illness or accidents with attendant medical bills." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 125 (1977), U.S.Code Cong. & Admin.News, 1977, p. 5963.

9. The court's acknowledgment that the applicable commitment periods of 3 and 5 years are "time periods" should not be construed to be a holding or inference that the applicable commitment period is a "temporal" as opposed to "monetary" requirement. That issue is not before this court.

10. Discussing Congress' failure to authorize prepetition waivers of discharge, while at the same time authorizing certain postpetition waivers of discharge pursuant to 11 U.S.C. §§ 524(c) and 727(a).

includes the requirement of good faith under § 1325(a).

The trustee seems to imply that the debtors' decision to retire was improperly motivated. However, this is a fact issue that is governed by § 1325(a)(3). If the trustee objects to the modification on the grounds that the requirements of § 1329(b) have not been satisfied, which includes the requirement of good faith, then the trustee must file a supplemental pleading setting forth her objections and must set the matter for a hearing. The supplemental pleading must be filed no later than 15 days after the entry of this order. The debtors will have 15 days thereafter to respond.

**IT IS SO ORDERED.**