**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: KEITH BURNETT; In re:
SHELLY BURNETT,

*Debtors,*

_____

KEITH BURNETT; SHELLY BURNETT,
*Appellants,*

v.

RESURGENT CAPITAL SERVICES,
*Appellee.*

No. 04-15503

BAP No.
NV-03-01189-
RiKRy

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Ryan, Klein, and Rimel, Bankruptcy Judges, Presiding

Argued and Submitted
December 8, 2005—San Francisco, California

Filed January 12, 2006

Before: Stephen S. Trott, Thomas G. Nelson, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Trott

## COUNSEL

Geoffrey L. Giles, Reno, Nevada, for the appellants.

Matthew L. Johnson, Lavelle & Johnson, P.C., Las Vegas, Nevada, for the appellee.

**OPINION**

TROTT, Circuit Judge:

Keith and Shelly Burnett (the Burnetts) appeal a decision of the Bankruptcy Appellate Panel (BAP), which reversed a bankruptcy court's disallowance of three claims asserted by Resurgent Capital Services (Resurgent) in the Burnetts' Chapter 13 bankruptcy case. The BAP held that Resurgent, an assignee creditor, was not required to disclose the amount it paid for three assigned claims in order for the claims to be allowed.

The Burnetts do not appeal that holding, but argue that the BAP should not have reached the issue of whether the consideration paid for the claims is relevant to the allowance of the claims. The Burnetts assert the BAP should instead have held that the bankruptcy court acted within its discretion when it denied Resurgent's motion to amend its order. They argue also that the BAP improperly decided the case on an inadequate record and, at the very least, should have remanded for further proceedings in the bankruptcy court.

We have jurisdiction pursuant to 28 U.S.C. § 158(d). However, we do not reach the merits of the Burnetts' arguments because they have waived all of the issues they raise in this appeal. Therefore, we affirm the BAP's decision.

**FACTS AND PROCEDURAL HISTORY**

**A.   Proceedings Before the Bankruptcy Court:**

The Burnetts filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of Nevada on April 16, 2002. Resurgent is in the business of purchasing debts from lenders after the debtors have filed bankruptcy; Resurgent then files proofs of claim in the bankruptcy proceeding as an assignee creditor. In June of 2002, Resurgent

purchased from GE Capital Corporation several debts on which the Burnetts were the debtors.

Resurgent filed proofs of claim for three separate debts it had purchased.[1] The Burnetts filed objections to the three proofs of claim, arguing that (1) the amounts stated in the proofs of claim were different from those listed in their schedules, (2) there was no evidence Resurgent was the owner of the claims, and (3) there was no evidence of the price Resurgent paid for the claims. The Burnetts requested three pieces of information: proof the debts were due and owing to the assignor creditor, proof Resurgent actually purchased the debts, and proof of the amount Resurgent paid for them. Resurgent replied to the Burnetts' objections, stating that it purchased the accounts from GE Capital and requesting additional time to obtain documentation of the debts.

On September 18, 2002, U.S. Bankruptcy Judge Bert M. Goldwater held a hearing on the objections to the claims. At the time of the hearing, counsel for the Burnetts stated he would not oppose a continuance if Resurgent's counsel would disclose all of the information requested by the Burnetts. Counsel for Resurgent agreed that Resurgent would disclose any information it could obtain from GE Capital, but that there might be certain information that would not be available. The hearing was continued and eventually held on November 20, 2002. Visiting Judge Thomas Glover disallowed all three claims in an order dated December 3, 2002. Judge Glover did not state his reasons for sustaining the debtors' objections, other than that good cause existed to do so.

Resurgent eventually submitted to the bankruptcy court three affidavits of sale by GE Capital, the assignor creditor, containing information regarding the amounts owing on the claims, as well as information confirming that Resurgent

---

[1] The debts were for consumer goods purchased by the Burnetts from Ethan Allen, The Home Depot, and J.C. Penney.

owned the claims. Resurgent filed a motion to amend the order disallowing the claims and to make additional findings of fact on December 13, 2002. Resurgent did not disclose, and has never disclosed, the amount it paid for the debts, claiming such information is confidential and proprietary.

The motion to amend was heard on February 26, 2003, again by Visiting Judge Glover. Resurgent asked the court to amend its order disallowing the claims, based on the affidavits of the assignor creditor. The judge denied the motion because it was not until after the November 20 hearing that Resurgent had provided any information regarding the claims.

## B.   Proceedings Before the Bankruptcy Appellate Panel:

Resurgent appealed to the BAP and presented four arguments in its opening brief: (1) the bankruptcy court did not engage in the requisite burden-shifting analysis and the burden never shifted to Resurgent to prove the validity of the claims; (2) Resurgent proved the validity of the claims even if it had the burden to do so; (3) the bankruptcy court erred in not making any findings of fact; and (4) the bankruptcy court improperly treated the motion to amend and to make additional findings of fact as a motion for reconsideration, requiring a remand to the bankruptcy court.

Resurgent mentioned the issue of disclosure of the amounts paid for the claims only twice in its opening brief to the BAP; these were short conclusory statements that the amount paid for an assigned claim is irrelevant. However, the Burnetts dedicated a large portion of their answering brief to that issue.[2] Indeed, the Burnetts' argument to the BAP was not that the bankruptcy court properly exercised its discretion in denying

---

[2]The other arguments the Burnetts presented to the BAP were that Resurgent promised certain information in open court and should have to fulfill that promise, and that the appeal was moot. The Burnetts do not assert either of these arguments in the current appeal.

Resurgent's motion to amend, as it is in this appeal, but that the initial disallowance of the claims was proper because Resurgent refused to disclose the consideration paid for the claims and because the amounts of the claims asserted in the proofs of claim were different from those in the debtors' schedules. The Burnetts argued that the amount paid for a claim is the true measure of the value of the claim and is of central importance to the Chapter 13 process. At no point in their brief to the BAP did the Burnetts assert that the BAP should review only the denial of the motion to amend; all of their arguments addressed the issues surrounding the underlying proofs of claim and the December 3, 2002 order disallowing them.[3]

While the transcript of the BAP oral argument was not made a part of the record on appeal, the parties agree that during that oral argument, counsel for the Burnetts conceded in response to questioning by Judge Ryan that the main dispute was over Resurgent's refusal to disclose the amount it paid for the claims, and that the issue of the discrepancies in the amounts of the claims was "de minimis." The BAP characterized this exchange as a clarification "that the sole remaining dispute relates to Resurgent's refusal to disclose its purchase price and that there is no longer any dispute as to the validity and amounts of the respective underlying debts or as to Resurgent's status as assignee." *Resurgent Capital Servs. v. Burnett (In re Burnett)*, 306 B.R. 313, 316 (B.A.P. 9th Cir. 2004).

While the BAP would normally remand a case where the bankruptcy court refused to make findings of fact after being asked to do so, the BAP found that "the record as clarified by

---

[3]Resurgent touched briefly upon the denial of the motion to amend in its opening brief to the BAP, but Resurgent argued only that the bankruptcy court improperly treated the motion as a motion for reconsideration. Resurgent stated that the two motions were governed by different standards and asked for a remand, but did not state what the different standards were or how the outcome should have been different. The Burnetts did not address this issue in their brief to the BAP.

the parties is sufficient to enable us to decide the controlling question" of the relevance of the consideration paid for the claims. *Id.* at 317. The BAP found also that the Burnetts did not seriously question Resurgent's status as assignee and that their complaint about the amounts of the claims was not meritorious because the discrepancies in the amounts actually favored the Burnetts. *Id.* at 317 n.8. The BAP reversed the bankruptcy court, with one judge dissenting. The majority, in an opinion by Judge Rimel, held that the amount paid for an assigned claim is irrelevant, as a matter of law, to the allowance of the claim. *Id.* at 319.

Judge Ryan dissented, asserting that the bankruptcy court properly shifted the burden to Resurgent to prove the validity of its claims once the debtors filed an objection to the claims that contradicted the amounts claimed and questioned the ownership of the claims, and that the bankruptcy court properly disallowed the claims when Resurgent failed to provide documentation of the claims. *Id.* at 320-21 (Ryan, J., dissenting). With respect to the bankruptcy court's denial of the motion to amend, the dissent noted Resurgent had not alleged that the affidavits of sale were newly discovered evidence or that a denial of the motion would result in manifest injustice. *Id.* at 321. Judge Ryan would have held that the bankruptcy court acted within its discretion in denying the motion to amend. *Id.* at 322. The Burnetts timely filed their Notice of Appeal on March 4, 2004.

## STANDARD OF REVIEW

We review decisions of the BAP de novo. *Hanf v. Summers (In re Summers)*, 332 F.3d 1240, 1242 (9th Cir. 2003). "When a decision of the bankruptcy court is on appeal from the BAP, we independently review the bankruptcy court's decision." *County of Santa Cruz v. Cervantes (In re Cervantes)*, 219 F.3d 955, 959 (9th Cir. 2000).

## DISCUSSION

The Burnetts have not appealed the issue actually decided by the BAP: that the amount paid by a creditor for an assigned claim is irrelevant, as a matter of law, to the allowance of the creditor's claim. Rather, the Burnetts argue on appeal that the BAP should not have reached that issue in the first place. They argue that the BAP should instead have decided that the bankruptcy court did not abuse its discretion in denying the motion to amend because Resurgent did not produce evidence supporting the amounts or the ownership of the claims until after the claims were disallowed. They argue also that Resurgent failed to provide a necessary transcript to the BAP and the BAP, therefore, improperly decided the case on an inadequate record. Alternatively, they argue that the opinion of the BAP should be vacated and the case remanded to the bankruptcy court because the record is deficient as to what information the Burnetts requested and what information Resurgent agreed to provide. In contrast to the Burnetts' brief to the BAP, which asserted arguments concerning the initial disallowance of the claims, the Burnetts' brief in the current appeal asserts arguments aimed at the denial of the motion to amend. None of the Burnetts' current arguments were presented to the BAP.

**[1]** Absent exceptional circumstances, issues not raised before the BAP are waived. *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 n.3 (9th Cir. 2001). *In re Cybernetic Servs., Inc.* involved the priority of a secured creditor's interest in a patent over that of the trustee. *Id.* at 1044. In that case, we refused to consider the issue of whether the trustee held the status of an "unsatisfied execution creditor," rather than a hypothetical lien creditor, under 11 U.S.C. § 544(a)(2). *Id.* at 1045 n.3. The trustee did not present that issue to the BAP and did not allege any exceptional circumstances that would justify our considering the issue, nor could we find any evidence of such circumstances in the record. *Id.*

In their opening brief in this appeal, the Burnetts assert the BAP should have reviewed the denial of the motion to amend, rather than the initial disallowance of the claims:

> The issue before the BAP really amounted to[,] did Judge Glover properly rehear the matter? And not[,] should . . . the proof of claim have been denied to begin with? This crucial distinction was ignored by the majority, but noted in the dissent.
>
> The BAP simply ignored what was before it, preferring to launch into a lengthy explanation about why one of the debtors' grounds for objection[,] the price paid, was erroneous. This was vastly more than what was required to decide the case in question, as the dissent notes.

Appellants' Opening Brief at 10-11 (filed June 24, 2004).

[2] However, while faulting the BAP for reviewing the initial disallowance of the claims instead of the denial of the motion to amend, the Burnetts ignore the fact that they did not present any argument to the BAP regarding the motion to amend; all of their arguments addressed the initial disallowance of the claims. Resurgent's arguments also were aimed primarily at the initial disallowance of the claims. The only argument Resurgent made concerning the motion to amend was that a remand was required so the bankruptcy court could consider the motion under a different standard.

[3] Because none of the Burnetts' current arguments were presented to the BAP, the Burnetts have waived these arguments unless there are exceptional circumstances that indicate we should exercise our discretion to consider them. "One 'exceptional circumstance' is when the issue is one of law and either does not depend on the factual record, or the record has been fully developed." *El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000)

(holding, in a bankruptcy case on appeal from the district court, that an issue of statutory construction not raised in the district court could be considered on appeal). The Burnetts do not allege that the issues they ask us to decide do not depend on the record or that the record is fully developed. In fact, the Burnetts explicitly argue that the record before the BAP was deficient, requiring reversal or remand. The Burnetts do not explain why they did not raise these issues below, nor do they allege any exceptional circumstances. *See In re Cybernetic Servs., Inc.*, 252 F.3d at 1045 n.3.

At oral argument before this Court, counsel for the Burnetts argued that, because we are to undertake a de novo review of the bankruptcy court's decision, the Burnetts' failure to present their current arguments to the BAP is irrelevant. It is true, of course, that we conduct an independent review of the bankruptcy court's decision when that decision is on appeal from the BAP. *In re Cervantes*, 219 F.3d at 959. However, it is also true that an issue is waived if not presented to the BAP, unless exceptional circumstances exist to justify consideration of the issue. *In re Cybernetic Servs., Inc.*, 252 F.3d at 1045 n.3. The Burnetts failed to make their current arguments to the BAP and now ask us to reach issues presented for the first time on appeal. We decline to do so.

**[4]** Before the BAP, the Burnetts conceded that only two issues remained: the amount Resurgent paid GE Capital for the claims and the amounts of the claims themselves. The Burnetts further conceded that the latter issue was de minimis. We are confident that this issue is now resolved, as counsel for Resurgent stated at oral argument that Resurgent would stipulate to the amounts of the claims listed on the Burnetts' schedules.

## CONCLUSION

**[5]** Until the BAP rendered its decision, the Burnetts relied on the argument that they were entitled to information regard-

ing the amount paid for the claims. They never put forth their current arguments until this appeal. They do not assert, nor do we find, any exceptional circumstances that would justify an exercise of discretion to consider those arguments. Because the Burnetts have waived all of the issues they raise in this appeal, the judgment of the BAP is

**AFFIRMED**.