MEMORANDUM *
Appellant/Creditor Idaho Agricultural Credit Association (“IACA”) appeals an unpublished decision of the United States Bankruptcy Appellate Panel for the Ninth Circuit (“the BAP”).[1] The BAP affirmed the bankruptcy court’s grant of summary judgment in favor of Appellees/Debtors Eugene and Carolyn Van Orden (“Debtors”), former potato and wheat farmers.
*761 IACA contends that the bankruptcy court erred in holding that under the confirmed Chapter 11 plan (“Plan”), Debtors were entitled to pay farm expenses using crop proceeds in which IACA held a first-priority lien. Initially, we note that only one of IACA’s arguments on appeal was preserved at each stage below. IACA did not raise its 11 U.S.C. § 363(a) claim before the BAP, did not raise its budget default argument before the bankruptcy court, and did not raise its anticipatory breach or ambiguity arguments before either the bankruptcy court or the BAP. Accordingly, IACA waived these arguments. See Law Offices of David A. Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 603 (9th Cir.2006); Burnett v. Resurgent Capital Servs. (In re Burnett), 435 F.3d 971, 975-76 (9th Cir.2006); Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.), 252 F.3d 1039, 1045 n. 3 (9th Cir.2001); El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.), 217 F.3d 1161, 1165 (9th Cir.2000).
IACA’s only argument that has not been waived is that Article XIII impermissibly alters, amends, modifies, or conflicts with the parties’ pre-Plan stipulation, which prohibits subordination of IACA’s lien. The entirety of this argument relies on IACA’s claim that Article XIII requires it to “subordinate” its hen. We agree with the BAP and bankruptcy court that Article XIII did not alter the priority or position of IACA’s lien, because no other creditor has received a higher priority hen in the crop proceeds. Whatever the change in the value of the collateral held by IACA, its first-priority hen was not “subordinated.” See Black’s Law Dictionary 1467 (8th ed.2004) (subordinate means “to place in a lower rank, class, or position”).
Debtors did not seek to give another creditor a higher priority hen in the proceeds, but rather to use the proceeds to pay their expenses. The stipulation still prevented Debtors from granting a first-priority hen on their crops to another lender without first obtaining written permission from IACA. The stipulation did not, however, prevent them from using crop proceeds to pay farm expenses. The former would subordinate IACA’s hen, while the latter only reduces the value of the collateral. Accordingly, Article XIII did not alter, amend, or modify the stipulation’s prohibition on subordination, nor does Article XIII conflict with it.
Debtors were entitled to use crop proceeds to pay farm expenses, and IACA’s refusal to allow them to do so violated the terms of the Plan.
For the foregoing reasons, we AFFIRM the BAP’s decision.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. J.R. Simplot Company, another creditor, settled with Debtors prior to oral argument. Its appeal has been dismissed.