CALLAHAN, Circuit Judge,
dissenting:
I dissent from the majority’s decision to remand for reconsideration of the petitioner’s mental capacity. The petitioner did not raise mental capacity in his opening brief and, when asked at oral argument whether he was raising this issue, his attorney explicitly stated that he did not seek review of the petitioner’s mental capacity. There is no evidence that the Petitioner’s decision to waive the mental capacity issue was anything other than a tactical decision. This court has previously declined to exercise its discretion to consider waived issues in similar circumstances. See, e.g., In re Burnett, 435 F.3d 971, 975-77 (9th Cir.2006) (declining to consider waived issue where the litigants had not raised the issues below and there were no extraordinary circumstances that would justify the court’s discretionary power to consider the issues); A-1 Ambulance Serv. Inc., v. County of Monterey, 90 F.3d 333, 339 (9th Cir.1996) (declining to apply the court’s discretion to consider an issue raised for the first time on appeal where it was not adequately and timely raised below).
Although the panel majority concludes that evidence of diminished mental capacity is “new and important” and remands for further consideration of the petitioner’s mental capacity, the BIA must decide what weight, if any, to give to the evidence cited by the majority. Under our substantial evidence standard, it is not for us to independently weigh the evidence. See Donchev v. Mukasey, 553 F.3d 1206, 1213 (9th Cir.2009) (“We are not free to look anew at the testimony and then measure the soundness of the agency’s decision by what we would have found.”); Kotasz v. I.N.S., 31 F.3d 847, 851 (9th Cir.1994) (“This strict standard bars the reviewing court from independently weighing the evidence and holding that the petitioner is eligible for asylum, except in cases where compelling evidence is shown.”).
Because we should not have exercised our discretion to consider an issue that the petitioner waived, and because I disagree with the panel majority’s focus on certain expert testimony in its disposition remanding to the BIA, I dissent.