**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: WILLIAM ROGER UTNEHMER and MARIE CLAIRE UTNEHMER,<br><br>Debtors,<br><br>———————————<br><br>PATRICK CRULL and MARY CRULL,<br><br>Appellants,<br><br>v.<br><br>WILLIAM ROGER UTNEHMER and MARIE CLAIRE UTNEHMER,<br><br>Appellees. | No. 13-60113<br><br>BAP No. 12-1362<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted January 6, 2016
San Francisco, California

Before: KOZINSKI, NOONAN, and O'SCANNLAIN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review the BAP de novo and apply the same standard as the BAP when reviewing the bankruptcy court's decision. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012) (as amended). We review the bankruptcy court's findings of fact for clear error and its decisions on questions of law de novo. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791–92 (9th Cir. 1997) (en banc).

1. The bankruptcy court clearly erred by finding that the Loan Agreement, on its own, creates a partnership because the parties did not satisfy the contingency in the Loan Agreement that would have provided the Crulls a share in the venture's profits—a special operating agreement never superceded the Loan Agreement, an LLC was never formed, and, as a consequence, the loan was never re-characterized as an equity interest. *See Solomont v. Polk Dev. Co.*, 54 Cal. Rptr. 22, 27 (Cal. Ct. App. 1966); *Owen v. United States*, 713 F.2d 1461, 1466 (9th Cir. 1983).

Because the bankruptcy court based its holding strictly on the terms of the Loan Agreement, it did not address the other evidence presented by the parties. Rather than engage in fact-finding, we remand to the bankruptcy court so that it can determine whether, looking at all the evidence, a partnership under California law exists. *See Weiner v. Fleischman*, 816 P.2d 892, 895 (Cal. 1991); *Nelson v. Abraham*, 177 P.2d 931, 933 (Cal. 1947); *Moulin v. Der Zakarian*, 12 Cal. Rptr. 572, 575–76 (Cal. Ct. App. 1961). The bankruptcy court should also consider

2

whether Utnehmer had the necessary state of mind to commit a defalcation under *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013), an intervening Supreme Court decision.

2. The Crulls have forfeited the claim that promissory estoppel establishes a fiduciary duty because they did not make it before the bankruptcy court. *In re Cybernetic Servs., Inc.*, 252 F.3d 1039, 1045 n.3 (9th Cir. 2001).

3. To the extent the Crulls validly argue in their opening brief that Utnehmer waived or conceded the position that he was not a fiduciary at trial, this argument has been forfeited because it was not raised before the BAP. *In re Burnett*, 435 F.3d 971, 975–76 (9th Cir. 2006).

The BAP's decision is **REVERSED** and the bankruptcy court's decision is **VACATED** and **REMANDED** for further factual findings.