

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BRUCE LEE ALLEN, DBA Bruce Allen Construction,<br><br>    Debtor,<br>―――――――――――――<br>BRUCE LEE ALLEN,<br><br>    Appellant,<br><br> v.<br><br>GARY L. RAINSDON, Chapter 7 Trustee; ZIONS FIRST NATIONAL BANK,<br><br>    Appellees. | No. 14-60001<br><br>BAP No. 13-1107<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Kirscher, and Kurtz, Bankruptcy Judges, Presiding

Submitted July 26, 2016[**]

Before:  SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

―――――――――――――

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bruce Lee Allen, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order approving the Chapter 7 trustee's settlement of claims that Allen asserted in state court against Zions First National Bank. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by approving the settlement agreement because the record supports the bankruptcy court's conclusion that the settlement was fair and equitable. *See Martin v. Kane* (*In re A&C Props.*), 784 F.2d 1377, 1380-83 (9th Cir. 1986) (approval of a compromise is not an abuse of discretion where the record contains a factual foundation establishing that the compromise was fair and equitable).

We do not consider matters not specifically and distinctly raised and argued in Allen's opening brief to the BAP. *See Burnett v. Resurgent Capital Servs.* (*In re Burnett*), 435 F.3d 971, 976-77 (9th Cir. 2006) (issues not presented to BAP are waived unless there are "exceptional circumstances").

All pending requests are denied as moot.

**AFFIRMED.**

14-60001