**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re MICHAEL W. PERRY,

Debtor,

_____

MYCHELLE MOXLEY,

Appellant,

v.

MICHAEL W. PERRY,

Appellee.

No. 14-60060

BAP No. 13-1438
BAP, Phoenix Bankruptcy Court

MEMORANDUM*

Appeal from the Ninth Circuit Bankruptcy Appellate Panel
Taylor, Pappas, and Kirscher, Bankruptcy Judges, Presiding

Submitted October 20, 2016**
San Francisco, California

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY, District Judge.[***]

Mychelle Moxley appeals the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's judgment denying reconsideration of its dismissal of Moxley's adversary action. That action challenged the debtor's discharge under various provisions of the Bankruptcy Code, 11 U.S.C. § 727(a). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review BAP decisions de novo, applying the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm the decision of the bankruptcy court, albeit on somewhat different grounds than those offered by the BAP.

1. Moxley's notice of appeal did not put the debtor, Perry, on notice of—and thus denied him the opportunity to respond to—her arguments regarding vacation of a default judgment and denial of summary judgment. *Le v. Astrue*, 558 F.3d 1019, 1022–23 (9th Cir. 2009). But, Moxley's intent to appeal the bankruptcy court's denial of her second motion for reconsideration and leave to amend can be fairly inferred and Perry had an opportunity to respond to those issues. The BAP therefore erred in failing to address leave to amend. *Id.*

---

[***] The Honorable Donald W. Molloy, District Judge for the U.S. District Court, District of Montana, sitting by designation.

2. We review the bankruptcy court's denial of leave to amend for abuse of discretion.[1] *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). We first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson,* 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). If so, we apply the clearly erroneous standard to determine whether its factual findings and its application of the facts to the relevant law were "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* at 1263.

3. Requests for leave to amend are governed by Bankruptcy Rule 7015, which incorporates by reference Federal Rule of Civil Procedure 15. Fed. R. Bankr. P. 7015. Under Rule 15, "courts should determine whether to allow leave to amend by ascertaining the presence of four factors: bad faith, undue delay, prejudice to the opposing party, and futility." *Tracht Gut, LLC v. L.A. Cty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, ___ F.3d ___, No. 14-60007, 2016 WL 4698300, at \*4 (9th Cir. Sept. 8, 2016). The bankruptcy court instead incorrectly assessed Moxley's request in light of the doctrine of laches. *See Staffer*

_____

[1] Moxley waived her challenge to the bankruptcy court's reconsideration ruling by failing to raise it in her opening brief to the BAP, *see Burnett v. Resurgent Capital Servs. (In re Burnett)*, 435 F.3d 971, 976–77 (9th Cir. 2006) (issues not presented to BAP are waived unless there are "exceptional circumstances"), and failing to argue it on appeal, *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010).

*v. Predovich (In re Staffer)*, 306 F.3d 967, 972–73 (9th Cir. 2002) (discussing laches as an equitable doctrine and affirmative defense).

4. Nonetheless, we "may affirm the lower court on any ground fairly supported by the record." *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999). The bankruptcy court provided a clear record of its reasons for denying leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987) (discussing the need for written findings or record indicating reasons for denial of leave to amend). These factual findings support the denial of Moxley's request for leave under Rule 15. Delay alone is an insufficient ground to deny leave to amend, but it may weigh against granting leave where there is prejudice or bad faith, *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981), if a party attempts to introduce new legal theories at a late stage in the case, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006), the facts were available to the requesting party when it filed its prior complaint and the request is merely a "dilatory tactic," *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), or the requesting party fails to justify its reason for delay, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

5. Moxley did not request leave to amend until July 2013, nearly two years after her adversary action was filed and more than four years after she was notified

4

of the bankruptcy case and filed her proof of claim. While Moxley had not previously sought leave to amend, she knew of the facts giving rise to her amended claims from the inception of her involvement in the bankruptcy case in 2009. Moxley waited, however, until the court indicated it was going to dismiss her existing claims to seek leave to amend. The court found that her "delays and requests for further amendments and new causes of action . . . have reached what could well be an unreasonable level." The court also found that Perry "is trying to move on with his life," and "has apparently got a military assignment in another jurisdiction." It further stated that it was prejudicial for Perry to have to wait five years to receive "a determination over whether or not a particular claim is going to be discharged or for that matter whether he is going to be granted his discharge." Moxley's request for leave to amend therefore ran contrary to the rule that "[a]t some point . . . a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible [ground] for relief and should be considered." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)). The record shows not only undue delay and prejudice to Perry, but also a dilatory motive by Moxley. The bankruptcy court's denial of leave to amend is affirmed.

**AFFIRMED.**

5