**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: PELI POPOVICH HUNT,<br><br>Debtor.<br>_____<br><br>PELI POPOVICH HUNT; 2007 Restated Robert and Peli Hunt Living Trust,<br><br>Appellant,<br><br>v.<br><br>ELISSA D. MILLER, Chapter 7 Trustee; et al.,<br><br>Appellees. | Nos. 14-56390<br>14-56392<br>15-55619<br><br>D.C. No. 2:12-cv-08439-MMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Peli Popovich Hunt appeals pro se from the district court's order affirming

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes these cases is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the bankruptcy court's orders granting the chapter 7 trustee's motion to sell real property and overruling Hunt's objection to a proof of claim filed in her bankruptcy case. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012).

The bankruptcy court had jurisdiction to approve the sale of the real property because an order approving the sale of estate property is enumerated as a core proceeding that bankruptcy judges are empowered to hear and determine. *See* 11 U.S.C. § 157(b). Hunt's interest in the real property at issue became property of the bankruptcy estate upon Hunt's filing of a bankruptcy petition. *See* 11 U.S.C. § 541(a)(1); *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (all legal or equitable interests of a debtor in property become property of the bankruptcy estate upon the commencement of a bankruptcy case).

Because there are no exceptional circumstances indicating that this court should consider arguments not raised on appeal to the district court, we do not consider Hunt's arguments challenging the bankruptcy court's order overruling her objection to the proof of claim. *See Burnett v. Resurgent Capital Servs. (In re Burnett)*, 435 F.3d 971, 975-76 (9th Cir. 2006).

Hunt's pro se appeal of the bankruptcy court's order in her capacity as the

trustee of a trust is dismissed because Hunt, as a non-attorney, "has no authority to appear as an attorney for others than [her]self." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**Appeal Nos. 14-56390, 15-55619: AFFIRMED.**

**Appeal No. 14-56392: DISMISSED.**