NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  REZA FATEH MANESH,<br><br>Debtor.<br>_____<br><br>HOSSEIN FATEHMANESH,<br><br>Appellant,<br><br>  v.<br><br>DAVID SEROR, Chapter 7 Trustee,<br><br>Appellee. | No. 18-60009<br><br>BAP No. 17-1031<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Kurtz, and Faris, Bankruptcy Judges, Presiding

Submitted August 6, 2019[**]

Before:  FARRIS, D.W. NELSON, and TROTT, Circuit Judges.

Hossein Fatehmanesh appeals pro se from the judgment of the Bankruptcy

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel ("BAP") affirming the bankruptcy court's judgment after a bench trial in the chapter 7 trustee's adversary proceeding seeking turnover of property belonging to the bankruptcy estate. We have jurisdiction under 28 U.S.C. § 158(d). We independently review the bankruptcy court's decision on appeal from the BAP. *Burnett v. Resurgent Capital Servs. (In re Burnett)*, 435 F.3d 971, 975 (9th Cir. 2006). We affirm.

The bankruptcy court did not abuse its discretion by applying California's principles of issue preclusion because the issues litigated in the state court action resolved the issue in the adversary proceeding, and California law precludes relitigation of issues decided in a prior proceeding. *See Diamond v. Kolcum (In re Diamond)*, 285 F.3d 822, 826 (9th Cir. 2002) ("In determining whether a party should be estopped from relitigating an issue decided in a prior state court action, the bankruptcy court must look to that state's law of collateral estoppel."); *DKN Holdings, LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (elements of issue preclusion or collateral estoppel under California law); *see also Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006) (decision to apply issue preclusion reviewed for an abuse of discretion).

The bankruptcy court did not abuse its discretion by finding Fatehmanesh in contempt for violating the automatic stay because Fatehmanesh knew of the automatic stay and refused to cure his violation. *See Knupfer v. Lindblade (In re*

*Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003) (setting forth standard of review and stating that party seeking an order of contempt has the burden to show the contemnor violated the automatic stay).  To the extent that Fatehmanesh challenges the bankruptcy court's award of attorney's fees, Fatehmanesh did not appeal from the bankruptcy court's order awarding fees, and we lack jurisdiction to address it. *See* Fed. R. Bankr. P. 8002(a)(1) (notice of appeal must be filed within 14 days); 28 U.S.C. § 158(c)(2) (an appeal to the BAP must be taken within the time provided in Rule 8002).

The BAP properly concluded that the bankruptcy court's application of the *Rooker–Feldman* doctrine amounted to harmless error because the chapter 7 trustee was otherwise entitled to judgment on the merits.  *See* Fed. R. Bankr. P. 9005 (incorporating Fed. R. Civ. P. 61's harmless error rule).

Fatehmanesh does not identify or contend that any exceptional circumstances justify consideration of the several issues he raises on appeal here but failed to raise before the BAP.  We therefore decline to consider those newly raised issues. *See In re Burnett*, 435 F.3d at 976-77 ("[A]n issue is waived if not presented to the BAP, unless exceptional circumstances exist to justify consideration of the issue.").

Appellant's motion for appointment of counsel (Docket Entry No. 23) is denied.

**AFFIRMED.**