**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re:  U.S.A. DAWGS, INC.,<br><br>Debtor,<br><br>------------------------------<br><br>MOJAVE DESERT HOLDINGS, LLC,<br><br>Appellant,<br><br> v.<br><br>GEMCAP LENDING I, LLC,<br><br>Appellee. | No.  19-60020<br><br>BAP No. 18-1241<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Brand, and Kurtz, Bankruptcy Judges, Presiding

Argued and Submitted October 20, 2020
San Francisco, California

Before:  THOMAS, Chief Judge, and KELLY** and MILLER, Circuit Judges.

---

         *         This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

         **         The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Mojave Desert Holdings, LLC appeals a decision of the Bankruptcy Appellate Panel for the Ninth Circuit (BAP). The BAP affirmed the bankruptcy court's dismissal of an adversary proceeding brought by a bankruptcy debtor, U.S.A. Dawgs, Inc., against its largest creditor, GemCap Lending I, LLC. Mojave bought the rights to that claim from the entity that purchased all of Dawgs's assets in bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm.

1.      Mojave's primary argument on appeal is that a settlement entered on the record between Dawgs and GemCap did not include the resolution of the adversary proceeding, and therefore the bankruptcy court erred by dismissing it. But the bankruptcy court did not rely only on the settlement; it also incorporated by reference the reasons it articulated at an earlier hearing. At that hearing, the bankruptcy court determined that Dawgs was judicially estopped from arguing that the settlement was invalid or that it had not resolved the relevant disputes between Dawgs and GemCap. That ruling is dispositive here.

Mojave has forfeited any defense to judicial estoppel because Mojave did not challenge the application of that doctrine in its appeal to the BAP. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited."); *In re Burnett*, 435 F.3d 971, 975–76 (9th Cir. 2006). Even if the issue were preserved, we see no abuse of discretion. *See Hamilton v. State Farm Fire &*

2

*Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Under the doctrine of judicial estoppel, when "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

Before the bankruptcy court, Dawgs took the position that the settlement would resolve its outstanding disputes with GemCap. That representation induced GemCap to support Dawgs's bankruptcy plan and relinquish its objections to other aspects of the proceedings. In its disclosure statement filed with the bankruptcy court, Dawgs summarized all of its disputes with GemCap, including the adversary proceeding, and immediately afterwards described the settlement as resolving "the pending disputes" between the parties, with the exception of one matter not relevant here. Dawgs also repeatedly referred to GemCap's claim as "allowed," a position inconsistent with the core relief it pursued in the adversary proceeding, which sought to diminish GemCap's claim by "any damages awarded" in the adversary proceeding. Indeed, the settlement—in both its tentative form on May 10 and its final form on May 17—was announced on the record at hearings at which GemCap's motion to dismiss the adversary proceeding was scheduled to be heard.

3

On each of those occasions, the bankruptcy court did not hear GemCap's motion, likely because the court understood the settlement to obviate that motion's purpose. The court thus relied on Dawgs's position in this respect and in structuring the overall bankruptcy proceedings based on the settlement terms. *See Hamilton*, 270 F.3d at 783. The court reasonably exercised its discretion in concluding that Dawgs's new position—that the settlement did not resolve the adversary proceeding after all—was barred by judicial estoppel.

2. Mojave also contends that the bankruptcy court erred because it did not hold an evidentiary hearing on the settlement's terms before dismissing the adversary proceeding. Because judicial estoppel bars Mojave's claims, the settlement's exact terms are irrelevant. Mojave also has forfeited this claim by not raising it until its reply brief before the BAP. *See Orr*, 884 F.3d at 932. And even if we reached the merits, no evidentiary hearing was necessary because the parties "simply voluntarily appeared in open court, and there announced that they had settled . . . [and] placed the material terms of the settlement agreement on the record." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002); *see also Grisham v. Grisham*, 289 P.3d 230, 233–35 (Nev. 2012). All evidence that the parties contend support their interpretation of the agreement was either heard before, or filed with, the bankruptcy judge, and Mojave has not pointed to any additional evidence that it might have introduced at an evidentiary hearing.

4

3.      Mojave argues that the settlement was ineffective because Dawgs's creditors did not receive adequate notice of it under Federal Rule of Bankruptcy Procedure 9019(a). Judicial estoppel forecloses that argument as well, but it lacks merit in any event. Mojave's interest in this litigation is limited to what it acquired from its predecessor-in-interest. *See In re Boyajian*, 367 B.R. 138, 144–45 (B.A.P. 9th Cir. 2007). As the successor to Dawgs, a party to the settlement at issue, Mojave necessarily received notice of the settlement and its material terms. In general, a litigant may assert only its "own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *see U.S. Dep't of Labor v. Triplett*, 494 U.S. 715, 720 (1990). Mojave was not a Dawgs creditor and lacks standing to raise the notice issue on behalf of third parties.

**AFFIRMED.**