**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: VANCE ZACHARY JOHNSON,<br><br>Debtor,<br><br>------------------------------<br><br>VANCE ZACHARY JOHNSON,<br><br>Appellant,<br><br>v.<br><br>BANKERS HEALTHCARE GROUP, LLC,<br><br>Appellee. | No.   22-60049<br><br>BAP No. 22-1074<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Gan, Bankruptcy Judges, Presiding

Submitted November 9, 2023**
Pasadena, California

Before:  W. FLETCHER and OWENS, Circuit Judges, and SCHREIER,*** District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Judge.

Dr. Vance Johnson appeals from a decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's findings that his loan was nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B). Dr. Johnson also appeals the bankruptcy court's award of damages. "Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court's decision, reviewing the bankruptcy court's interpretation of the Bankruptcy Code de novo and its factual findings for clear error." *In re Hatton*, 220 F.3d 1057, 1059 (9th Cir. 2000). Having jurisdiction under 28 U.S.C. § 158(d), we affirm.

1. We first turn to the bankruptcy court's finding that Dr. Johnson's debt was non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) excepts from discharge any monetary debt "obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" To establish that a debt is nondischargeable under Section 523(a)(2)(A), a creditor must prove by a preponderance of the evidence the following five elements:

> (1) [M]isrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement of conduct.

2

*In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). On appeal, Dr. Johnson challenges the bankruptcy court's finding that Dr. Johnson knowingly made a misrepresentation and that he intended to deceive Bankers Healthcare Group, LLC (BHG). Dr. Johnson also argues that BHG did not justifiably rely on such misrepresentation.

The bankruptcy court found that Dr. Johnson knowingly made a false representation and intended to deceive BHG by representing that the "specific business reason" for the loan was "practice expansion." The bankruptcy court cited the suspicious timing of events between Dr. Johnson obtaining a loan in July of 2017 and shortly thereafter paying $72,468 in child support and $9,935 for jewelry. The bankruptcy court further found that Dr. Johnson ceased his medical practice just five weeks after acquiring the loan and made only five loan payments before he filed for bankruptcy in February of 2018. Because the record supports these findings, they are not clearly erroneous.

Furthermore, we give great deference to a trial court's credibility determinations, *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010), and find no clear error in the bankruptcy court's finding that Dr. Johnson's testimony about why he did not expand his business was not credible.

Dr. Johnson next argues the bankruptcy court erred in finding BHG justifiably relied on Dr. Johnson's representation that he would use the loan to

3

expand his business. Whether BHG justifiably relied on Dr. Johnson's representation is a question of fact. *In re Kirsch*, 973 F.2d 1454, 1456 (9th Cir. 1992) (per curiam). To prove justifiable reliance, a creditor need not investigate a debtor's factual representations. *See Field v. Mans*, 516 U.S. 59, 70 (1995). Justifiable reliance turns on a particular individual's personal qualities rather than an objective standard. *Id.* at 70-71.

We find no clear error in the bankruptcy court's finding that BHG, a commercial loan provider, justifiably relied on Dr. Johnson's representation that he would use the loan to expand his business. Although Dr. Johnson argues on appeal that BHG could not have relied on Dr. Johnson's representation because Dr. Johnson was unclear as to what portion of the loan would be used to expand his practice, the bankruptcy court found that testimony by BHG's witness sufficiently establishes reliance on the financial representations made by Dr. Johnson. Based on the circumstances surrounding Dr. Johnson's loan and his testimony (which the bankruptcy court found to be non-credible), this finding is not clearly erroneous. We affirm the bankruptcy court's conclusion that Dr. Johnson's debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Because the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), we need not reach the issue of whether the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(B).

2. We turn to Dr. Johnson's argument that the bankruptcy court erred in its award of damages to BHG. Dr. Johnson did not "specifically and distinctly" raise this argument below. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Thus, he has waived the argument by not raising it with the BAP. *See In re Burnett*, 435 F.3d 971, 975-76 (9th Cir. 2006) ("Absent exceptional circumstances, issues not raised before the BAP are waived."). While we have recognized three exceptions to the general waiver rule, none of them applies here because Dr. Johnson failed to explain why he did not raise the issue before the BAP, there is no evidence that a change in law provided a new ground for this appeal, and this issue is not a purely legal one. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). We decline to address Dr. Johnson's damages argument.

The decision of the BAP is AFFIRMED.