**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



In re: ALICIA MARIE RICHARDS,

               Debtor,

-------------------------------

LAWRENCE REMSEN,

               Appellant,

  v.

RICHARD A. MARSHACK, Chapter 7
Trustee; RYAL W. RICHARDS,

               Appellees.

No. 22-60057

BAP No. 21-1266

MEMORANDUM*

In re: ALICIA MARIE RICHARDS,

               Debtor,

-------------------------------

ALICIA MARIE RICHARDS,

               Appellant,

  v.

No. 22-60058

BAP No. 21-1262

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

RICHARD A. MARSHACK, Chapter 7
Trustee; RYAL W. RICHARDS,

        Appellees.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Gan, and Lafferty, Bankruptcy Judges, Presiding

Submitted May 29, 2024[**]

Before:     FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

In these consolidated appeals, Chapter 7 debtor Alicia Marie Richards and Lawrence Remsen appeal pro se from the Bankruptcy Appellate Panel's ("BAP") judgments affirming the bankruptcy court's order authorizing the sale of a residence free and clear of liens under 11 U.S.C. § 363(b)(1) and (f). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's decision and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys., Inc.)*, 482 F.3d 1118, 1123 (9th Cir. 2007). We affirm.

The bankruptcy court did not abuse its discretion by authorizing the Chapter 7 trustee to sell the residence free and clear of liens under 11 U.S.C. § 363(f) because appellants' claims were subject to bona fide disputes and the sale price

---

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was greater than the aggregate value of all liens. *See* 11 U.S.C. § 363(f)(3), (4) (providing that the trustee may sell property under § 363(b) free and clear of any interest in such property if, *inter alia*, such interest is a lien and the sale price is greater than the aggregate value of all liens on such property, or such interest is in bona fide dispute); *id.* § 363(p)(2) (providing that "the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest"); *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 32 (B.A.P. 9th Cir. 2008) (setting forth standard of review). Although appellants challenge the good faith of the purchaser in these appeals, we do not consider the challenge because the BAP properly determined appellants did not meaningfully raise the issue before the BAP. *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) (explaining that "a bare assertion does not preserve a claim"); *Burnett v. Resurgent Capital Servs. (In re Burnett)*, 435 F.3d 971, 975-76 (9th Cir. 2006) (stating that, absent exceptional circumstances, issues not raised before the BAP are waived).

Contrary to appellants' contention, the bankruptcy court did not err in determining that it had subject matter jurisdiction because the residence was an asset of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(2) (providing that the filing of a bankruptcy petition creates an estate comprised of, *inter alia*, "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement

3

of the case"); *Sea Hawk Seafoods, Inc. v. State of Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.)*, 439 F.3d 545, 547 (9th Cir. 2006) (setting forth standard of review).  We reject as without merit appellants' contentions that the bankruptcy court was required to hold a separate hearing on jurisdiction and that the BAP erred by taking judicial notice of a state court judgment.

We reject as unsupported by the record appellants' contention that Remsen was denied due process in connection with the sale motion.  *See Partington v. Gedan*, 961 F.2d 852, 865 (9th Cir. 1992) (recognizing that due process does not necessarily require the opportunity to present arguments orally).

**AFFIRMED.**